**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THOMAS VELASQUEZ GREGORIO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,

Respondents.

Case No.: 3:26-cv-02775-RBM-JLB

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Thomas Velasquez Gregorio's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.    BACKGROUND

Petitioner, a national of Guatemala, last entered the United States without inspection or admission on December 20, 2017. (Doc. 1 ¶¶ 1, 8; Doc. 4 at 2.) Petitioner was apprehended that same day. (Doc.4 at 2; *see* Doc. 4-1, Ex. 1 at 4.)

On January 11, 2018, Petitioner was issued a Notice to Appear ("NTA") "after an asylum officer . . . found [he] demonstrated a credible fear of persecution or torture" which placed him in removal proceedings. (Doc. 4-1, Ex. 3 at 11–12.) On February 1, 2018, an immigration judge granted Petitioner's custody redetermination request and granted his release on bond. (*See* Doc. 4-1, Ex. 2 at 9.) After his release, Petitioner was convicted of

1

several misdemeanor including false imprisonment in 2021. (Doc. 4 at 2; *see* Doc. 4-1, Ex. 6 at 22.) Petitioner's removal proceedings were "terminated by the immigration court on August 12, 2021." (Doc. 4 at 2 (citing Doc. 4-1, Ex. 4 at 15).)

On January 21, 2026, Petitioner was arrested for assault with a deadly weapon and his case remains pending. (Doc. 4 at 3; *see* Doc. 4-1, Ex. 6 at 22.) On April 01, 2026, after he was released from state custody in connection with his pending criminal case, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and transferred to the Imperial Regional Detention Facility where he has remained in custody ever since. (Doc. 1 ¶¶ 2, 17; Doc. 4 at 3.)[1] That same day, ICE served Petitioner with a second NTA charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (Doc. 4 at 2.)

On May 1, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) Respondents filed a Response to the Petition on May 13, 2026. (Doc. 4.) Petitioner did not file an optional reply.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

---

[1]  Respondents note that they do not "have sufficient information at this time to assess whether the conduct underlying this arrest subjects Petitioner to mandatory detention pursuant to" 8 U.S.C. § 1226(c)(1)(E)(ii)." (Doc. 4 at 3 n.2.)

3:26-cv-02775-RBM-JLB

### III.   **DISCUSSION**

Petitioner claims his continued immigration detention exceeds statutory authority and violates the Fifth Amendment's Due Process Clause.   (Doc. 1 ¶¶ 20, 23–34.) Respondents contend that "Petitioner is subject to mandatory detention under § 1225(b)(2) [but] acknowledge[ ] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts."   (Doc. 4 at 3.)   As such, Respondents "do not oppose an order directing a bond hearing at this time."   (*Id*. at 4.)

First, there is no dispute that Petitioner resided continuously in the United States since 2017.   (*See* Doc. 1 ¶ 27.)   The Court therefore finds that Petitioner is detained under 8 U.S.C. § 1226.   *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing).   While Petitioner seeks his immediate release (*see* Doc. 1 ¶ 4), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of his potential release.   Accordingly, the Court finds that Petitioner is entitled to a bond hearing.   *See id*. at *5 (concluding "due process requires [the petitioner] receive a bond hearing under § 1226.").

### IV.   **CONCLUSION**

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**.   To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide the noncitizen with an individualized bond hearing under 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance.

2. At the bond hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that the noncitizen poses a danger to the community or a risk of flight.

3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8

3

U.S.C. § 1225(b)(2) requires mandatory detention.

4. The Government is **<u>ORDERED</u>** to file a status report informing this Court of the outcome of the bond hearing **<u>within five (5) days</u>** of providing the noncitizen with a bond determination hearing.

5. The Motion to Expedite (Doc. 5) is **<u>DENIED AS MOOT</u>**.

**IT IS SO ORDERED**.

DATE:  June 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-02775-RBM-JLB